IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAVID AGUIRRE AGUIRRE, | * | |
| Petitioner, | * | |
| v. | * | |
|  | * | Civil No. 26-319-BAH |
| VERNON LIGGINS ET AL., | * | |
| Respondents. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Court has received the joint status report indicating that Petitioner David Aguirre Aguirre has been released from custody on bond. *See* ECF 8. However, the parties still seek the Court's intervention due to ICE's enrollment of Petitioner "in the Intensive Supervision Appearance Program (ISAP) and ordered [him] to wear an ankle-mounted GPS tracking device." ECF 8, at 1. The "parties disagree whether under the Court's order and applicable law, ICE had the authority to impose additional conditions of release beyond those articulated by the Immigration Judge in her custody redetermination order." *Id.* at 1–2. "The parties jointly agree that further briefing is unnecessary and that the Court may rule on this final remaining issue based on the [ ] statements of the parties' positions" provided in the joint status report. *Id.* at 2.

Petitioner directs the Court to several cases "grant[ing] habeas relief from ICE-imposed supervision conditions not contained in an immigration judge's custody order." *Id.* at 2–3 (citing *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025); *N.N. v. McShane*, Civil No. 25-5494, 2025 WL 3143594 (E.D. Pa. Nov. 10, 2025); *Diahn v. Lowe*, No. 1:24CV1936, 2026 WL 84576 (M.D. Pa. Jan. 12, 2026); *da Silva v. LaForge*, No. 25CV17095 (EP), 2026 WL 45165

(D.N.J. Jan. 7, 2026)). Respondents do not attempt to distinguish these cases and point only to the Court's prior order for the proposition that "they have discretion to determine the conditions of Petitioner's release on bond, as specifically provided in the Court's Order of January 29, 2026." *Id.* at 3 (citing ECF 7, at 2 ¶ 6). Respondents are correct that the Court previously ordered that "[i]f bond is granted and Petitioner is released, nothing in this order precludes ICE from imposing reasonable conditions of release." ECF 7, at 2 ¶ 6. But the question of ICE's authority to impose these specific conditions beyond what the immigration judge ordered was not presented to the Court when it issued the January 29 order. Further, Respondents make no attempt to argue that the conditions imposed are, in fact, reasonable. As such, the Court sees no reason to deviate from the cases presented by Petitioner.

The Court hereby finds that "Petitioner may not be subjected to conditions of release that are not consistent with the terms as set by the Immigration Judge after the bond hearing." *See Orellana Juarez*, 788 F. Supp. 3d at 70. Respondents are directed to release Petitioner from ISAP and the ankle-mounted GPS tracking.[1]

Given that the relief requested has been afforded, the Clerk is directed to CLOSE this case.

**SO ORDERED.**

Dated: <u>February 19, 2026</u>                                    /s/
                                                    Brendan A. Hurson
                                                    United States District Judge

---

[1] Should an immigration judge make a determination that these conditions are appropriate, Respondents may re-impose the conditions.